UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL           'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) DEFENDANT KAISER PERMANENTE MEDICAL CENTER'S MOTION TO SET ASIDE DEFAULT (Dkt. 17, filed January 16, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 23, 2015, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

Plaintiff Andrea Russell-Thomas filed her original complaint on October 22, 2014. (Dkt. 1, Compl.). She sued her former employer, Kaiser Permanente, and two other Kaiser employees.[1]  Id. On October 24, Rus9sell-Thomas attempted to serve Kaiser by personally serving Rey Rosales ("Rosales"). (Dkt. 7). The parties' attorneys then began to communicate with one another regarding whether Kaiser was a proper defendant and whether service was proper. Defendants' attorney told Russell-Thomas' counsel that Rosales was not authorized to accept service on behalf of Kaiser or the individual defendants. (Dkt. 17-2, Kohler Decl. ¶¶ 3-6). Defense counsel also contended that the proper defendant was Southern California Permanente Medical Group, not Kaiser Permanente. (Kohler Decl. ¶¶ 3-6; Dkt. 22 at 2). The attorneys' exchanged emails and held a "meet and confer" but failed to resolve their disagreements. (See Dkt. 22, Exs. A-F; Dkt. 17, Exs. A, C-F). As Kaiser understood the situation, the parties had agreed that

---

[1] The parties dispute whether the named defendant should be Kaiser Permanente, as filed, or Southern California Permanente Medical Group. For clarity, the Court will refer to defendant as "Kaiser."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

defendants need not answer the complaint, because Russell-Thomas would file an amended pleading by December 12. (Kohler Decl. ¶ 11).

Instead, Russell-Thomas filed an application for entry of default against Kaiser on December 16. (Dkt. 11). Because the defendants had not answered, the clerk entered default on December 17, 2014. (Dkt. 13). On January 2, 2015, Kaiser filed a motion to dismiss portions of the complaint. (Dkt. 14.) On January 16, 2015, Kaiser moved to set aside the default. (Dkt. 17). On January 26, 2015, Russell-Thomas filed a first amended complaint ("FAC") as to the remaining individual defendants. (Dkt. 20).[2] On February 2, 2015, plaintiff filed an opposition to the motion to set aside default. (Dkt. 22, Opp'n). On February 9, 2015, defendants filed their reply (Dkt. 23) and answered the amended complaint. (Dkt. 24). After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three factors when evaluating whether "good cause" exists: (1) prejudice to the plaintiff; (2) the strength of the defendant's defenses; and (3) the defendant's culpability in inducing the default. Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011).

As a general rule, cases should be decided on the merits, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, a court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010). Nonetheless, the defaulting party has the burden of

---

[2] In light of the FAC, the first motion to dismiss as to all defendants was denied as moot on January 27, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

demonstrating that the default should be set aside. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001).

### III.   ANALYSIS

Here, the Court finds that all three of the relevant factors support setting aside the default.

   **A.   Prejudice to Plaintiff**

First, Russell-Thomas does not identify any possible prejudice except potential delay, and delay alone is not prejudicial. Id. at 700-01 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered."); see Olson v. Sperry, No. 2:14-cv-07901-ODW (AS), 2015 WL 300410, at *2 (C.D. Cal. Jan. 22, 2015) (finding that the prejudice factor weighed in favor of the defendant despite a two-month delay). There is no other apparent prejudice: Kaiser promptly sought to set aside the default,[3] and it (or its substitute entity) stands ready to defend the case. See Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) (stating that a plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits); Pacific Renewable Energy Solutions, Inc. v. Sedna Aire Americas, LLC, No. 11-00019, 2013 WL 1352063, at *6 (D. Guam, Apr. 2, 2013) ("Being forced to litigate on the merits cannot be prejudicial because the plaintiff would have to litigate the merits of the case had there been no default." (citing TCI Grp., 244 F.3d at 701)). Therefore, the first factor weighs in favor of defendant Kaiser.

   **B.   Strength of Defendant's Defenses**

Second, Kaiser may have meritorious defenses. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI Grp., 244 F.3d at 700. At this stage, the Court does not determine the ultimate merits of the defense; rather, the Court merely determines whether a potential defense exists. Yagman

---

   [3]Within thirty days of the entry of default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

v. Galipo, No. CV 12-7908-GW(SHx), 2013 WL 1287409 at *12 (C.D. Cal. Mar. 25, 2013).  A defense is sufficiently meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Under this liberal standard, Kaiser has advanced sufficiently meritorious potential defenses to support setting aside the default.  For example, Kaiser argues that Russell-Thomas's age discrimination claim is time-barred, because plaintiff initiated the present suit over one year after receiving a right to sue notice.  See Cal. Gov't Code § 12965(b) (plaintiff must commence a civil action "within one year from the date of [the Department of Fair Employment and Housing's ("DFEH") right to sue] notice."). Alternatively, defendants argue that plaintiff failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing in a timely fashion. See Cal. Gov't Code § 12960(d) ("No complaint may be filed [with DFEH] after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred.").  Russell-Thomas counters simply that "Kaiser cannot win on the merits it lists because . . . the filing of the complaint was timely."  (Opp'n at 5.).  This conclusory rebuttal does not allay the Court's concerns about the timeliness of this claim.

Additionally, Kaiser argues that at least two of plaintiff's claims are preempted by the California Workers' Compensation Act.  See Cole v. Fair Oaks Fire Protection Dist., 43 Cal. 3d 148, 160 (1987) (concluding that an employee may not avoid the exclusive remedy of worker's compensation "by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability"); Horn v. Bradco Int'l, Ltd., 232 Cal. App. 3d 653, 662-63 (1991) ( "[A]ctions [such] as demotion, transfer, discipline, and *even the employer's attempt to force the employee into involuntary retirement*, would be included within the ambit of workers' compensation." (emphasis in original) (citing Shoemaker, 52 Cal.3d at 7)). Plaintiff's only response is the conclusory statement that "worker's compensation is not the exclusive remedy."  (Opp'n at 5).  Additionally, Kaiser argues that Russell-Thomas did not specify any extreme or outrageous conduct to support a claim for intentional infliction of emotional distress.  See Agarwal v. Johnson., 25 Cal. 3d 932, 946 (1979) ("The elements of intentional infliction of emotional distress are (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

of the emotional distress." (quoting Newby v. Alto Riviera Apartments., 60 Cal. App. 3d 288, 296 (1976)). The Court finds these arguments persuasive enough to weigh in favor of deciding this case on the merits.

Finally, a dispute remains as to whether Kaiser is a proper defendant. Russell-Thomas argues that Kaiser should remain a defendant because Kaiser's proposed substitute defendant, Southern California Permanente Medical Group is a dissolved corporate entity. (Dkt. 22 at 3 & Ex. G). Kaiser responds that the proper defendant is a general partnership which bears the same name as the dissolved corporation. (Dkt. 23-1, Kohler Supp. Decl., ¶ 2). The existence of this dispute also supports setting aside the entry of default. Overall, the presence of several potentially meritorious defenses strongly weighs against leaving the default in place.

### C.   Defendant's Culpable Conduct

Finally, the Court cannot discern any culpable conduct on the part of defendant Kaiser. Failing to respond to a complaint does not render a defendant's conduct culpable unless the failure to respond was "willful, deliberate, or evidence of bad faith." TCI Grp., 244 F.3d at 696. Where a defendant presents a "good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," failure to respond does not, on its own, amount to culpable conduct. Id. Here, plaintiff has not demonstrated bad faith, and Kaiser's misstep is largely excusable.[4]

---

[4] Plaintiff appears to argue that Kaiser demonstrated bad faith by refusing to file an answer until the procedural defects of the complaint were cured. Previously, both parties' counsel were involved in two similar cases where Kaiser was erroneously named. In one case, the defect was cured after an order to show cause; in the other, the proper defendant was substituted for a Doe defendant. Plaintiff apparently believes that Kaiser should have filed an answer anyway, relying on counsel's word and past conduct to show that the proper defendant would be named eventually. The Court is not persuaded that Kaiser acted in bad faith: Kaiser appears to have been within its rights to demand the procedural defect be cured before filing an answer or a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

Although courts may presume culpability when a sophisticated defendant has notice of the complaint and fails to answer, they are not required to presume culpability if the underlying circumstances do not merit such an assumption. Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004) (citing Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988)); Vann v. Aurora Loan Servs., LLC, No. 10-cv-04736-LHK, 2011 WL 1002093, at *3 (N.D. Cal. Mar. 21, 2011) (declining to presume culpability when sophisticated defendant failed to answer because of "mere negligence or inadvertence" and attempted to set aside the default seventeen days after entry); Olson 2015 WL 300410, at*2-3 (declining to hold defendant culpable because his failure to answer stemmed from a miscommunication between the parties about an extension to file an answer). Here, the circumstances surrounding defendant's failure to file an answer do not merit an assumption of culpability. The parties engaged in numerous discussions about substantive and procedural issues. These discussions led Kaiser to believe that it did not need to file a timely answer because plaintiff would file an amended complaint. Instead, plaintiff requested the clerk enter a default. Kaiser then promptly moved to set the default aside. Because the failure to answer was the result of miscommunication and Kaiser promptly moved to set the default aside, this factor weighs in favor of setting aside the default. See O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) ("Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so cases may be decided on their merits." (quoting Mendoza, 783 F.2d at 945)). Therefore, the Court does not find Kaiser culpable, and this factor does not weigh against setting aside the default.

### D.     Russell-Thomas is Ordered to File a Second Amended Complaint.

"District courts have an inherent power to control their dockets." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986)). At present, the operative complaint against Kaiser is the original complaint, while the operative complaint against the individual defendants is the FAC. In order to "secure the just, speedy, and inexpensive determination" of this action, Russell-Thomas must file a second amended complaint naming the proper defendant by March 5, 2015. This order shall not be construed as granting leave to amend the pleadings for any other purpose. Fed. R. Civ. P. 1; See also Fed. R. Civ. P. 15(a)(2) (permitting further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | February 19, 2015 |
|---|---|---|---|
| Title | ANDREA RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

amendment of pleadings with leave of the court).

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Kaiser's motion to set aside the default. Russell-Thomas is hereby ordered to file a second amended complaint naming the proper defendant by March 5, 2015.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |