UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Kristal Bradford, Specially Appearing for Gloria Haney | Christine Kohler |

**Proceedings:**   DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 28, filed March 19, 2015)

## I.     INTRODUCTION

Plaintiff Andrea Russell-Thomas filed this action on October 22, 2014, against Southern California Permanente Medical Group (erroneously sued as Kaiser Permanente Medical Center) ("Kaiser"), Jean Estanislao, Riechilda Cedron, and Does 1 through 10. Dkt. 1.  On January 26, 2015, plaintiff filed a first amended complaint.[1]  Dkt. 20.  On March 2, 2015, plaintiff filed the operative second amended complaint ("SAC").  Dkt. 26. The SAC asserts the following claims: (1) wrongful termination in violation of the public policies embodied in the Civil Rights Act of 1991, 42 U.S.C. § 1981, Article 1 § 8 of the California Constitution, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a); (2) violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; (3) age discrimination in violation of FEHA, Cal. Gov't Code § 12900, et seq.; (4) violation of the California common-law against age discrimination in employment; (5) violation of the California common-law against race discrimination in employment; and (6) defamation.  Id.

---

[1] On February 19, 2015, the Court ordered plaintiff to file a second amended complaint in conjunction with granting defendant's motion to vacate a default judgment erroneously entered on December 17, 2014.  Dkt. 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                       'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

On March 19, 2015, defendants moved to dismiss claims three, four, and five of the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 28. Plaintiff filed an opposition on March 30, 2015, dkt. 30, and defendants replied on April 6, 2015, dkt. 31. The Court held a hearing on April 20, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    FACTUAL BACKGROUND

Plaintiff is a 56-year old African-American woman who was employed by defendant Kaiser for 35 years as an EKG Technician I ("Tech I"). SAC ¶ 3. Plaintiff was hired by Kaiser on February 18, 1978, and claims she was forced to resign her employment on February 1, 2013. Id. Specifically, plaintiff alleges that her Department Administrator, defendant Jean Estanislao ("Estanislao"), told plaintiff she could no longer continue to work as a Tech I, and would need additional training to qualify for a position as an EKG Technician II ("Tech II"). Id. ¶ 7. Plaintiff claims that, despite wishing to remain a Tech I, she completed and passed the required courses to become a Tech II. Id. ¶¶ 7-8. After plaintiff informed Estanislao that she had passed these courses, Estanislao required her to take an additional test, which plaintiff failed with a grade of 74 percent.[2] Id. ¶¶ 8,12. After she failed, plaintiff alleges that Estanislao and the Assistant Department Administrator, defendant Riechilda Cedron ("Cedron"), informed her that she need to decide, that day, whether she would resign or be fired for incompetence. Id. ¶¶ 8-9. Plaintiff, fearing that being fired would prevent her from getting another job, resigned effective February 2, 2013. Id.

At the time she resigned, plaintiff alleges that she had performed her job duties adequately and worked well with all of the doctors on staff. Id. ¶¶ 3, 22. Plaintiff further alleges that the high quality of her work had been recognized repeatedly though reviews, evaluations, commendations, and letters from patients. Id. ¶¶ 3, 12, 22. Plaintiff also claims other distinctions at work, such as being selected to represent her "District" and being selected to train interns wishing to qualify as school psychologists. Id. ¶ 22.

---

[2] To pass, plaintiff needed to score at least 80 percent. Id. ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

Plaintiff alleges that Estanislao and Cedron treated her differently than other Tech I employees by: (1) requiring she advance to the Tech II position, while other non-Black Tech I employees were allowed to remain in the Tech I position; (2) denying her additional training that was offered to younger technicians, and which plaintiff claims could have helped her pass the additional test; (3) denying her a fair opportunity to prepare for the additional test, even though other technicians were given opportunities to study and practice for the test with managerial support; (4) denying plaintiff an opportunity to "overcome" the failing grade she received on the first administration of the test; (5) denying plaintiff promotions for which younger candidates were selected; and (6) preventing plaintiff from applying for promotions that younger, less qualified employees applied for and received. Id. ¶¶ 7, 12-13, 22. Plaintiff also alleges that none of the other Tech I employees—whom plaintiff states were all younger, less tenured, and non-Black—were forced to quit because of their performance in the Tech II class. Id. ¶ 10.

With regard to her FEHA claims, plaintiff states that she has already exhausted her administrative remedies through the California Department of Fair Employment and Housing ("DFEH") and received a "right-to-sue" notice on February 24, 2014.[3] Id. ¶ 2.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

---

[3] Although the SAC states that the right-to-sue notice was received November 23, 2012, the Court has examined the DFEH complaint (Exhibit B) and right-to-sue notice (Exhibit A) and it appears that both were issued on February 24, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.   DISCUSSION

    A.   **Plaintiff's FEHA Claim (Claim Three)**

Under FEHA, an aggrieved employee "must exhaust the administrative remedy provided by the statute by filing a complaint with the [DFEH]," and must obtain from DFEH "a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." Morgan v. Regents of the Univ. of Cal., 88 Cal. App. 4th 52, 63 (2000) (citing Cal. Gov't Code § 12960). FEHA provides that "[n]o complaint may be filed [with DFEH] after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred." Cal. Gov't Code § 12960(d). Failure to file a complaint with the DFEH within the requisite year gives rise to an exhaustion defense, since courts lack jurisdiction over unexhausted FEHA claims. Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985).

Defendants contend that the DFEH complaint was untimely, since plaintiff resigned on February 2, 2013 but filed her DFEH complaint more than a year later on February 24, 2014. Mot. Dismiss at 5. In opposition, plaintiff argues that the relevant triggering event occurred when she retired on May 17, 2013, and thus her DFEH complaint was filed within the one year limitation period. Opp'n Mot. Dismiss at 6.

In California, "the date that triggers the running of the limitations period under the FEHA is the date of actual termination." Romano v. Rockwell Internat., Inc., 14 Cal. 4th 479, 495 (1996). This date reflects a liberal interpretation of the limitations period that "promote[s] the resolution of potentially meritorious claims on the merits." Id. at 494. As subsequently explained in McDonald v. Antelope Valley Cmty. Coll. Dist., in adopting this triggering rule, the Romano court reasoned that it "would maximize the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

likelihood of informal employer-employee reconciliation and minimize the need for premature litigation." Cal. 4th 88, 107-08 (2008). Thus, the McDonald court concluded that "the same legislative policy favoring liberal construction of the statute of limitations supports an interpretation of the FEHA under which the limitations period is equitably tolled while the employee and employer pursue resolution of any grievance through an internal administrative procedure." Id. at 108.

Here, plaintiff's SAC alleges that "[s]he was forced to resign on February 01, 2013," SAC ¶ 3, and "wrote [a] letter of resignation . . . effective on February 02, 2013." It thus appears that, at the latest, February 2, 2013 was the date of plaintiff's "actual termination," and plaintiff accordingly failed to timely exhaust her administrative remedies. However, plaintiff also alleges that she "was forced to retire on May 17, 2013, because, without a job and at 55 years of age, she was not in a position to find another job after being forced from her position as an EKG-Tech I." Id. ¶ 3. Further, plaintiff's DFEH complaint identifies May 17, 2013 as the date of Kaiser's alleged discrimination. SAC, Ex. B.

It is unclear from the record before the Court what occurred between plaintiff's February 2013 resignation and her May 2013 retirement. However, if plaintiff can allege facts in good faith to support the equitable tolling of the "trigger" date to May 17, 2013—facts such as plaintiff's compliance with an internal grievance procedure, as stated in McDonald—it appears that the FEHA claim might survive.[4] Accordingly, the Court

---

[4] Plaintiff asserts that her "actual injury" accrued when she was forced to retire on May 17, 2013, since as a result, she "was reduced to only receiving 50% of her retirement for life." Opp'n Mot. Dismiss at 6. In so doing, plaintiff relies on San Francisco Unified School District v. W.R.Grace & Company – Connecticut, 37 Cal. App. 4th 1318 (1995), and Budd v. Nixon, 6 Cal.3d 195, 200-201, 203 (1971), for the proposition that the "[s]tatute of limitation does not begin to run and no cause of action accrues in [a] tort action until damage has occurred." Id. Plaintiff's reliance on these two cases is misplaced. As plaintiff appears to acknowledge, both the San Francisco Unified School District and Budd courts interpreted the statute of limitations as it pertains to a wrongful termination tort claim. Here, in contrast, plaintiff's FEHA claim is statutory. Thus, these cases are of little relevance to the statutory inquiry before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

GRANTS without prejudice defendants' motion to dismiss plaintiff's claim for violation of FEHA.

### B. Plaintiff's Claims for Violation of California Common Law (Claims Four and Five)

Plaintiff's fourth claim alleges injury due to violation of the "California common-law against age discrimination in employment," and plaintiff's fifth claim alleges injury due to violation of the "California common-law against race/ancestry/color/ethnic discrimination in employment," SAC ¶¶ 23-33. Defendants argue that plaintiff's fourth and fifth claims fail to state a cognizable legal claim. Mot. Dismiss at 6-7. In response, plaintiff states that her fourth and fifth claims specifically incorporate by reference the allegations contained in her claim for wrongful termination in violation of public policy, and thus the Court should interpret her fourth and fifth claims as "separate claims for violation of public policy." Opp'n Mot. Dismiss at 7.

Construing the SAC in the light most favorable to plaintiff, the Court concludes that plaintiff's fourth and fifth claims state two additional claims for wrongful termination in violation of public policy. Defendants are plainly on notice of the gravamen of plaintiff's claims—she alleges that she was terminated on the basis of her race and age, and that such actions constitute wrongful termination in violation of public policy forbidding consideration of such protected characteristics. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's fourth and fifth claims.

### V.   CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss claims four and five of the SAC is DENIED. However, defendants' motion to dismiss plaintiff's claim for violation of FEHA (claim three) is GRANTED with leave to amend. Plaintiff shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08191-CAS(RZx) | Date | April 20, 2015 |
| Title | RUSSELL-THOMAS V. KAISER PERMANENTE MEDICAL CENTER, ET AL. | | |

have until **Monday, May 18, 2015** to file a third amended complaint that addresses the deficiencies identified herein.

IT IS SO ORDERED.

|  |  | 00 | : | 04 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |